# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-30153-MAP

Bankruptcy Case No. 02-42450-HJB

IN RE: JOSEPH L. LAFRANCE,
Debtor

*******************************************

JOSEPH L. LAFRANCE,

Appellant

v.

RICHARD KING, ASSISTANT UNITED STATES TRUSTEE; AND
DENISE M. PAPPALARDO, CHAPTER 13 TRUSTEE

Appellee

*****************************************************************************

BRIEF OF APPELLEE, DENISE PAPPALARDO, CHAPTER 13 TRUSTEE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

I.    STATEMENT OF ISSUE PRESENTED.................................................................1

II.   STANDARD OF REVIEW......................................................................................1

III.  STATEMENT OF THE CASE AND FACTS.........................................................1

IV.   ARGUMENT ..........................................................................................................4

## TABLE OF AUTHORITIES

STATUTES:

11 U.S.C. §330.................................................................................................................................2


FEDERAL RULES OF BANKRUPTCY PROCEDURE

Fed. Rules Bankr. Pro. 8002...........................................................................................................3-5
Fed. Rules Bankr. Pro. 8013.............................................................................................................1

MASSACHUSETTS LOCAL BANKRUPTCY RULES

Mass. Local Bank. Rules13-7 (b)......................................................................................................2


CASES:

*In re Collida*, 270 B.R. 209 (Bankr.S.D.Tex 2001).........................................................................5

*Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990)...................................................................1

*Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74 (1st Cir.1997)............................................1

*In re Ortiz*, 200 B.R. 485 (D. Puerto Rico1996)..............................................................................1

*Pioneer Inv. Servs.Co v. Brunswick Assocs. Ltd. P'Ship* 507 U.S. 380 (1993)..............................4

*In re Williams,* 224 B.R. 523 (B.A.P. 2nd Cir. 1998).......................................................................1

## I. STATEMENT OF ISSUE

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal was an abuse of discretion given that the late filing was not caused by excusable neglect.

## II. STANDARD OF REVIEW

Whereas, the lower court's decision is reviewed for abuse of discretion, the appellate court reviews the facts underlying the decision under a "clearly erroneous" standard. Fed. Rules Bankr. Pro. 8013. *See also*, *In re Ortiz*, 200 B.R. 485, 489, (D. Puerto Rico 1996). A bankruptcy court abuses its discretion if it bases its decision on an erroneous view of law or clearly erroneous factual findings. *Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384 (1990). To determine that the Bankruptcy Court abused its discretion, this Court must find that the lower court "committed a clear error of judgment in the conclusion it reached based on all the appropriate factors." *In re Williams*, 224 B.R. 523, 529 (B.A.P. 2nd Cir. 1998). The clearly erroneous standard requires the Court to give great deference to the bankruptcy court. *Ortiz*, at 489. Legal conclusions are reviewed *de novo*. *Edmonston v. Murphy (In re Edmonston)*, 107 F.3d 74, 75(1st Cir. 1997).

## III. STATEMENT OF THE CASE AND FACTS

On April 19, 2002, Joseph LaFrance (the "Debtor") filed a bankruptcy petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Code").[1] The Debtor was represented by Attorney Francis Lafayette.

On or about June 24, 2003, the bankruptcy court issued a case management order (the

---

[1] Trustee's Appendix, No. 1, Docket No. 1.

1

"Case Management Order")[2] ordering Attorney Lafayette to show cause (1) why he should not

file fee applications in all pending cases in which he serves as counsel to the debtor in which fees

are unpaid and (2) why, until further order of the court, he should not be required to deposit fees

received from Chapter 13 or 7 debtors in the District of Massachusetts in his client trust account

and not disburse the funds until approval of his fees.[3]  In issuing the Case Management Order,

the bankruptcy court took judicial notice that a pattern had arisen whereby Attorney Lafayette

failed to adequately represent his clients.[4]

On July 22, 2003, an evidentiary hearing was conducted on the Case Management Order.

At that time, Attorney Lafayette presented evidence that the lapses in his representation were due

---

[2]Trustee's Appendix, No. 2.

[3]The court may allow reasonable compensation to counsel to a debtor based on the
benefit and necessity of such services 11 U.S.C. § 330(a)(4)(B). "Unless otherwise ordered by
the court, if debtor's counsel's total compensation prior to confirmation of a plan is $2,500.00 or
less ...[or]...compensation for post confirmation services [is] in an amount not exceeding
$500...the filing of an itemized fee application shall be excused." MLBR 13-7(b).

[4] The Case Management Order was issued in the following cases: *In re Marta Oyola*,
Case No. 02-45398-HJB-Attorney Lafayette filed a Schedule "C"and an Amended Schedule "C"
in which he claimed an exemption in assets in excess of that permitted; *In re Hector Rolon*, Case
No. 02-45994-HJB-Attorney Lafayette filed a Chapter 7 case for the debtor even though he had
recently received a Chapter 7 discharge and could not obtain another Chapter 7 discharge, he
filed inaccurate schedules, and filed schedules late; *In re Mark Bennett and Angela Bennett*, Case
No. 03-40074-HJB-there were errors in the bankruptcy schedules and plan; and *In re Stefan
Davis*, Case No. 03-40199-HJB-there were errors in the bankruptcy schedules and plan.  In the
following cases, the bankruptcy court ordered Attorney Lafayette to file fee applications: *In re
Kathleen Daigneault*, Case No. 02-46689-HJB-Attorney Lafayette failed to amend an
unconfirmable Chapter 13 plan and missed two deadlines in the case; and *In re Peter Caci*, Case
No. 02-47249-HJB-Attorney Lafayette failed to disclose to the debtors that an expert retained by
Attorney Lafayette was not in fact qualified, failed to advise the debtors that Attorney Lafayette
represented the expert in his own Chapter 13 bankruptcy, undertook to represent both the expert
and the debtors in a contest regarding fees, and failed to timely file a motion to sell real estate. In
the *LaFrance* case, there were inaccuracies regarding time entries on Attorney Lafayette's fee
application. Trustee's Appendix No. 3, pp. 38-40.

to computer software problems, his chronic illnesses and his staff's temporary illnesses.[5]  With

respect to the evidence presented by Attorney Lafayette

> The Court finds it hard to believe, and does not believe, that most
> (if any) of the various  errors described in each of the above
> referenced cases are the result of the various excuses proffered by
> Attorney Lafayette. But even if the excuses are true, they are not
> sufficient to overlook the sloppy, careless and unprofessional
> actions taken by Attorney Lafayette in each of the referenced cases.
> Clients come to attorneys for a service.  Where the service is not
> provided, or provided poorly, they should not be required to pay
> for the service, regardless of the validity of the excuse offered.[6]

On June 10, 2004, the Court ordered, in part, that Attorney Lafayette disgorge fees,[7] file

fee applications in those cases in which there is unpaid compensation,  and file fee applications

in all future bankruptcy cases (the "June 10, 2004 Order").[8]

On June 24, 2004, Attorney Lafayette filed a Notice of Appeal of the June 10, 2004 Order

(the "First Notice of Appeal").[9]  On June 29, 2004, the bankruptcy court dismissed the appeal as

it was not timely filed pursuant to the Federal Rules of Bankruptcy Procedure 8002(a) (the

"Dismissal Order").[10]  On June 30, 2004, Attorney Lafayette filed a motion for reconsideration of

---

[5]Trustee's Appendix No. 3, p. 40.

[6]Trustee's Appendix, No. 3, p. 41.

[7]The order to disgorge was issued in *Oyola, Rolon, Daigneault, Caci, Davis* and
*LaFrance.*  Trustee's Appendix, No. 3, p. 44.

[8]Trustee's Appendix, No. 4.

[9]Trustee's Appendix, No. 1, Docket No. 98.

[10]Trustee's Appendix, No. 5.

the Dismissal Order (the "Reconsideration Motion").[11]  Attorney Lafayette alleged that the First

Notice of Appeal was not timely filed due in part to newly diagnosed illnesses.  On July 8, 2004,

the bankruptcy court denied the Reconsideration Motion (the "Reconsideration Order").[12]  On

July 19, 2004, Attorney Lafayette filed a Notice of Appeal of the Reconsideration Order (the

"Second Notice of Appeal") which is the subject of the present appeal.[13]

## IV. ARGUMENT

Whether the bankruptcy court's order of July 8, 2004 denying the late filing of an appeal
was an abuse of discretion given that the late filing was not caused by excusable neglect.

A notice of appeal must be filed within 10 days of the date of the entry of the judgment,

order, or decree. Fed. R. Bankr. P. 8002(a).  A request to extend the time for filing a notice of

appeal must be made by written motion filed before the time for filing a notice of appeal has

expired except that such a motion filed not later than 20 days after the expiration of the time for

filing a notice of appeal may be granted upon a showing of *excusable neglect [emph. added].*Fed.

R. Bankr. P. 8002( c)(2).

Determination of whether neglect is excusable is an equitable one taking into account all

relevant circumstances surrounding the parties omission.  *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship,* 507 U.S. 380, 396 (1993). "These include...the danger of prejudice to the

debtor, the length of the delay and its potential impact of judicial proceedings, the reason for the

---

[11]Trustee's Appendix, No. 1, Docket No. 107.

[12]Trustee's Appendix, No. 6.

[13]Trustee's Appendix, No. 1, Docket No. 119.

4

delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

There is no dispute the First Notice of Appeal was not timely filed. Nevertheless, Attorney Lafayette attempts to explain his actions, or lack thereof, on his alleged medical infirmities which he contends rise to the level of excusable neglect. As the bankruptcy court noted, during the period of June 10, 2004 through June 21, 2004 in which the filing of the appeal would have been timely, Attorney Lafayette appeared before the bankruptcy court on five (5) separate hearings and electronically filed eighty three (83) pleadings including five (5) new bankruptcy cases.[14]   Attorney Lafayette vigorously engaged in the practice of law, yet overlooked the filing of the First Notice of Appeal. In addition, although the alleged ailments may be newly diagnosed, his tactic of using his infirmities as a defense to failing to comply with deadlines is not.[15] Failure to meet deadlines, failure to seek extensions of deadlines, failure to amend schedules, and a purely reactive posture are evidence of the lack of effective, efficient, and professional representation." *In re Collida*, 270 B.R. 209, 214 (Bankr. S.D. Tex. 2001).

In conclusion, there is no dispute that the First Notice of Appeal was not timely filed. In an attempt to circumvent the time restriction set forth under Fed. R. Bankr. Pro. 8002(a), Attorney Lafayette relies upon Fed. R. Bankr. Pro. 8002( c)(2). He contends the late filing is a result of excusable neglect due to his alleged medical infirmities. Attorney Lafayette cannot escape the fact that ten days following the entry of the Dismissal Order he actively engaged in the practice of law before the bankruptcy court. In addition, he has repeatedly used the "ailment

---

[14]Trustee Appendix, No. 7.

[15]Trustee's Appendix, No. 3.

5

defense" in justifying the late filing of documents.  Thus, the bankruptcy court did not abuse its

discretion in denying the Reconsideration Motion.  Thus, the ruling of the bankruptcy court

should be affirmed.


Respectfully submitted,
Standing Chapter 13 Trustee

Dated: _9/29/04_

Denise M. Pappalardo, Trustee
BBO # 553293
Joanne Psilos, Staff Attorney
BBO # 556997
P.O. Box 16607
Worcester, MA 01601
(508) 791-3300


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing to the following parties by first
class mail, postage prepaid.
Dated: _9/29/04_

Denise M. Pappalardo
Joanne Psilos


## SERVICE LIST

Francis J. Lafayette, J.D.
P.O. Box 1020
Palmer, MA 01069

Richard King
Asst. United States Trustee
446 Main Street
Worcester, MA 01608

Joseph LaFrance
48 Stafford Road
Holland, MA 01521

## TABLE OF CONTENTS FOR APPELLEE'S APPENDIX

1. Docket Entries

2. Case Management Order dated June 24, 2003

3. Memorandum of Decision dated June 10, 2004

4. Order dated June 10, 2004

5. Dismissal Order dated June 29, 2004

6. Order Denying Motion for Reconsideration Dated July 8, 2004

7. Memorandum of Decision dated July 8, 2004

No. 1

CONVERTED, NOCLOSE, APPEAL

## United States Bankruptcy Court
## District of Massachusetts (Worcester)
## Bankruptcy Petition #: 02-42450

*Assigned to:* Judge Henry J. Boroff
Chapter 7
Previous chapter 13
Voluntary
No asset

*Date Filed:* 04/19/2002
*Date Converted:* 11/24/2003
*Date Dismissed:* 10/29/2003

**Joseph L. LaFrance**
48 Stafford Rd.
Holland, MA 01521
SSN: xxx-xx-8864
*Debtor*

represented by **Francis Lafayette**
PO Box 1020
Palmer, MA 01069
(413) 283-7785
Email: francislafayettejd@onebox.com

**Richard King**
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
*Assistant U.S. Trustee*

**Joseph Baldiga**
Mirick, O'Connell, DeMallie Lougee,
100 Front Street
Worcester, MA 01608
508-791-8500
*Trustee*

represented by **Joseph Baldiga**
Mirick, O'Connell, DeMallie Lougee,
100 Front Street
Worcester, MA 01608
508-791-8500
Email: jhbaldiga@modl.com

| Filing Date | # | Docket Text |
|---|---|---|
| 04/19/2002 | 1 | Voluntary Chapter 13 Petition ( Filing Fee $ 185.00 Rcpt # 499125) missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Due on 5/6/02 Chapter 13 Plan due on 5/6/02 ;Proof of Claim (gov. units only) Deadline: 10/16/02 (hk) (Entered: 04/19/2002) |
| 04/19/2002 | | Matrix. (hk) (Entered: 04/19/2002) |
| 04/19/2002 | 2 | Order to Update Petition. Incomplete Filing; missing documents: All Schedules a-j Statement of Financial Affairs Disclosure of Aty Compensation Chapter 13 Plan ; Missing Documents Due 4:30 5/6/02 |

| | | |
|---|---|---|
| | | (hk) (Entered: 04/19/2002) |
| 04/26/2002 | 3 | Schedules a-j (yms) (Entered: 04/26/2002) |
| 04/26/2002 | 4 | Disclosure of Compensation filed by Attorney Francis Lafayette for the Debtor in the amount of $ 3,000.00. (yms) (Entered: 04/26/2002) |
| 04/26/2002 | 5 | Statement of Intent. (yms) (Entered: 04/26/2002) |
| 04/26/2002 | 6 | Statement of Financial Affairs. (yms) (Entered: 04/26/2002) |
| 04/26/2002 | 7 | Chapter 13 Plan with Certificate of Service. (yms) (Entered: 04/26/2002) |
| 04/26/2002 | 8 | Motion By Debtor Joseph L. LaFrance To Extend Plan Payments c/s (yms) (Entered: 04/26/2002) |
| 05/01/2002 | | First Meeting of Creditors scheduled For 11:00 am 5/17/02 At Worcester U.S. Trustee Office Confirmation Hearing Set For 11:00 am 5/17/02 At Worcester U.S. Trustee Office ; Proofs of Claim due on 4:30 pm 8/15/02 Notice to be mailed within two weeks. (ps) (Entered: 05/01/2002) |
| 05/06/2002 | 9 | Court's Notice of the First Meeting being sent to the Bankruptcy Noticing Center. (auto) (Entered: 05/06/2002) |
| 05/09/2002 | 10 | First Meeting Certificate of Mailing. (auto) (Entered: 05/09/2002) |
| 05/17/2002 | | First Meeting Held and Examination of Debtor. (pf) (Entered: 05/20/2002) |
| 05/28/2002 | 11 | ENDORSEMENT ORDER: Regarding [8-1] Debtor's Motion To Extend Plan Payments Period . ALLOWED. NO OBJECTIONS FILED. (yms) (Entered: 05/31/2002) |
| 06/03/2002 | 12 | Imaged Certificate of Mailing. (auto) (Entered: 06/03/2002) |
| 06/14/2002 | 13 | Ch.13 Trustee's Objection To Confirmation Of [7-1] Debtor's Chapter 13 Plan. c/s (yms) (Entered: 06/14/2002) |
| 06/21/2002 | | Hearing Re: [13-1] Ch.13 Trustee's Objection to Confirmation of Debtor's ch.13 Plan Set For 11:30 7/10/02 at Worcester Courtroom 4 (yms) (Entered: 06/21/2002) |
| 06/25/2002 | 14 | Certificate Of Service By Ch.13 Trustee Of Hearing re: [13-1] Ch.13 Trustee's Objection to Confirmation of Debtor's ch.13 Plan Set For |

| | | 11:30 7/10/02 at Worcester Courtroom 4 . (yms) (Entered: 06/25/2002) |
|---|---|---|
| 07/01/2002 | 15 | Ch.13 Trustee's Motion To Withdraw [13-1] (Her) Objection To Confirmation of Debtor's ch.13 Plan c/s (yms) (Entered: 07/02/2002) |
| 07/01/2002 | 17 | Amended Schedule j (yms) (Entered: 07/02/2002) |
| 07/01/2002 | 18 | Motion By Debtor Joseph L. LaFrance To Amend [3-1] Schedule J c/s (yms) (Entered: 07/02/2002) |
| 07/02/2002 | 16 | ENDORSEMENT ORDER: Regarding [15-1] ch.13 Trustee's Motion To Withdraw [13-1] (Her) Objection To Confirmation of Debtor's ch.13 Plan . ALLOWED. HEARING SCHEDULED FOR 7/10/02 IS CANCELED. (yms) (Entered: 07/02/2002) |
| 07/08/2002 | 19 | Notice by Creditors Bankruptcy Service to correct creditor's (Blair Corporation) address. (yms) (Entered: 07/09/2002) |
| 07/16/2002 | 20 | Modification of Plan Prior to Confirmation. (yms) (Entered: 07/17/2002) |
| 07/25/2002 | 21 | ENDORSEMENT ORDER: Regarding [18-1] Debtor's Motion To Amend [3-1] Schedule J . ALLOWED. NO OBJECTIONS FILED. (yms) (Entered: 07/26/2002) |
| 07/29/2002 | 22 | Imaged Certificate of Mailing. (auto) (Entered: 07/29/2002) |
| 08/02/2002 | 23 | Order Confirming [7-1] Chapter 13 Plan (yms) (Entered: 08/05/2002) |
| 08/09/2002 | 24 | Imaged Certificate of Mailing. (auto) (Entered: 08/09/2002) |
| 10/11/2002 | 25 | Motion By Chase Manhattan Bank For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) . With Certificate of Service. (yms) (Entered: 10/15/2002) |
| 10/23/2002 | 26 | Objection By Debtor Joseph L. LaFrance To [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank . c/s (yms) (Entered: 10/23/2002) |
| 11/14/2002 | | Hearing Re: [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank Set For 10:30 11/18/02 at Worcester Courtroom 4 (yms) (Entered: 11/14/2002) |
| 11/14/2002 | 27 | Waiver of Right to a hearing within 30 days filed by: John F. White |

| | | |
|---|---|---|
| | | for Chase Manhattan Bank Re: [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank. (yms) (Entered: 11/14/2002) |
| 11/15/2002 | 29 | Certificate Of Service By John F. White for Creditor Chase Manhattan Bank Of Hearing re: [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank Set For 10:30 11/18/02 at Worcester Courtroom 4 . (yms) (Entered: 11/21/2002) |
| 11/18/2002 | 28 | ORDER: HEARING HELD AND CONTINUED TO 12/3/02 AT 10:00 AM AT WORCESTER Regarding [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank . (yms) (Entered: 11/20/2002) |
| 12/03/2002 | | Hearing Held Re: [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank. (yms) (Entered: 12/03/2002) |
| 12/03/2002 | 30 | ORDER: Regarding [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank . REPORTED AS SETTLED; STIPULATION TO BE FILED WITHIN SEVEN DAYS. (yms) (Entered: 12/03/2002) |
| 12/05/2002 | 31 | Stipulation by and between Creditor Chase Manhattan Bank, Debtor Joseph L. LaFrance On: [25-1] Motion For Relief from Automatic Stay (60 Sayles Street, Southbridge, MA) by Chase Manhattan Bank. (yms) (Entered: 12/06/2002) |
| 12/05/2002 | 32 | Motion By Chase Manhattan Bank For Approval Of [31-1] Stipulation re: Motion for Relief From Automatic Stay . c/s (yms) (Entered: 12/06/2002) |
| 12/06/2002 | 33 | Imaged Certificate of Mailing. (auto) (Entered: 12/06/2002) |
| 12/20/2002 | 34 | ORDER: Granting [31-1] Joint Stipulation by Debtor and Chase Manhattan Bank On Motion for Relief From Stay . (see Stipulation for full text) (yms) (Entered: 12/20/2002) |
| 12/23/2002 | 35 | Imaged Certificate of Mailing. (auto) (Entered: 12/23/2002) |
| 02/25/2003 | 36 | Motion By Debtor Joseph L. LaFrance For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances . c/s (yms) (Entered: 02/26/2003) |
| 02/27/2003 | 37 | Affidavit of Non-Compliance by Chase Manhattan Bank on [31-1] Stipulation with the Debtor regarding Motion For Relief From Stay. |

| | | |
|---|---|---|
| | | c/s (yms) (Entered: 02/27/2003) |
| 03/07/2003 | 38 | Notice of Intended Private Sale of 60 Sayles St., Southbridge, MA. Offer to Purchase For the price of $105,000.00. Hearing on the Motion to Approve Sale, Objections or HIGHER OFFERS IS SET FOR 4/9/03 9:30 AM at 1550 Main Street, Springfield, MA OBJECTIONS TO THE SALE and/or HIGHER OFFERS shall be filed in writing with the Clerk's Office at 595 MAIN ST., WORCESTER, MA 01608 ON OR BEFORE 4/7/03 AT 4:30 PM. (yms) (Entered: 03/07/2003) |
| 03/07/2003 | | Hearing Re: [36-1] Debtor's Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances. Objections to Motion Due On: 4/7/03. Hearing Set For 9:30 a.m. on 4/9/03 at Springfield Court (yms) (Entered: 03/07/2003) |
| 03/13/2003 | 39 | Certificate Of Service By Francis Lafayette for Debtor Joseph L. LaFrance Of Hearing re: [36-1] Debtor's Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances. Objections to Motion Due On: 4/7/03. Hearing Set For 9:30 a.m. on 4/9/03 at Springfield Court . (yms) (Entered: 03/13/2003) |
| 03/13/2003 | 40 | ENDORSEMENT ORDER: Regarding [37-1] Certificate of Non Compliance by Chase Manhattan Bank . RELIEF FROM THE AUTOMATIC STAY IS GRANTED PURSUANT TO THE STIPULATION DATED 12/20/03. (yms) (Entered: 03/14/2003) |
| 03/31/2003 | 44 | ORDER: Regarding [36-1] Debtor's Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances . DUE TO A SCHEDULING CONFLICT, THE HEARING ON THIS MATTER SCHEDULED FOR 4/9/03 HAS BEEN POSTPONED; THIS HEARING WILL NOW TAKE PLACE ON THURSDAY, 4/10/03 AT 10:00 AM IN SPRINGFIELD. ** PARTIES SHOULD TAKE NOTE OF THE NEW HEARING DATE/TIME. (yms) (Entered: 04/08/2003) |
| 04/03/2003 | 41 | Limited Objection By Trustee To [36-1] Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances by Debtor . c/s (ab) (Entered: 04/04/2003) |
| 04/07/2003 | 42 | Objection By Steven R. Blonder To [36-1] Debtor's Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances . c/s (yms) (Entered: 04/07/2003) |
| | | |

| 04/07/2003 | 43 | Bid and Counter Offer by Steven R. Blonder to [36-1] Debtor's Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances. c/s (yms) (Entered: 04/07/2003) |
|---|---|---|
| 04/08/2003 | | Hearing Re: [36-1] Debtor's Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances Rschd For 10:00 4/10/03 at Springfield Court (yms) (Entered: 04/08/2003) |
| 04/10/2003 | | Hearing Held Re: [36-1] Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances by Joseph L. LaFrance . (yms) (Entered: 04/11/2003) |
| 04/10/2003 | 45 | ORDER: Regarding [36-1] Debtor's Motion For Order Approving Private Sale of Property (60 Sayles St., Southbridge, MA) Free and Clear of Liens and Encumbrances . THE SALE IS APPROVED TO EDWARD MARTIN FOR $105,000.00. COUNSEL TO THE DEBTOR TO FILE A FEE APPLICATION WITHIN 14 DAYS. (yms) (Entered: 04/11/2003) |
| 04/23/2003 | 46 | Motion To Allow Late Filing of Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. c/s (yms) (Entered: 04/23/2003) |
| 04/24/2003 | 47 | First Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. c/s (yms) (Entered: 04/25/2003) |
| 05/09/2003 | 48 | Hearing scheduled for 5/22/2003 at 10:00 AM Springfield Courtroom - HJB Re: 47 First Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. (ab) (Entered: 05/09/2003) |
| 05/09/2003 | 49 | Court Certificate of Mailing Re: 48 Hearing scheduled for 5/22/2003 at 10:00 AM Springfield Courtroom - HJB Re: 47 First Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. (ab) (Entered: 05/09/2003) |
| 05/09/2003 | 50 | Objection by Trustee Denise M. Pappalardo Re: 47 Application for Compensation filed by Francis Lafayette. c/s (sas) (Entered: 05/09/2003) |
| 05/20/2003 | 51 | Motion Filed by Trustee Denise M. Pappalardo to Continue Hearing on 47 First Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. (ab) (Entered: 05/20/2003) |
| 05/20/2003 | 52 | Endorsed Order Granting 51 Motion to Continue Hearing on 47 First |

| | | |
|---|---|---|
| | | Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. ALLOWED; HEARING SCHEDULED FOR 5/22/03 IS CONTINUED TO 6/2/03 AT 2:00PM IN SPRINGFIELD. (ab) (Entered: 05/22/2003) |
| 05/30/2003 | 53 | Assented to Motion to Continue Hearing Re: 47 Application for Compensation Filed by Debtor Joseph L. LaFrance. (ab) (Entered: 05/30/2003) |
| 06/02/2003 | 54 | Endorsed Order Granting 53 Assented to Motion to Continue Hearing Re: 47 Application for Compensation Filed by Debtor Joseph L. LaFrance. ALLOWED; HEARING SCHEDULED FOR 6/2/03 IS CONTINUED TO 6/11/03 AT 11:30AM IN SPRINGFIELD.(ab) (Entered: 06/03/2003) |
| 06/24/2003 | 55 | Case Management Order Regarding 47 Application for Compensation Filed by Francis Lafayette. Entered on 6/24/03. (sas) (Entered: 06/24/2003) |
| 06/24/2003 | | Evidentiary Hearing Scheduled for 7/22/2003 at 01:00 PM Worcester Courtroom 4 - HJB RE: 47 Application for Compensation Filed by Francis Lafayette. (sas) (Entered: 06/24/2003) |
| 07/16/2003 | 56 | Motion to Continue Hearing Re: Evidentiary Hearing Scheduled for 7/22/2003 at 01:00 PM Filed by debtor's counsel Francis Lafayette. c/s (Expedited Determination Requested.) (ps , ) (Entered: 07/16/2003) |
| 07/18/2003 | 57 | Emergency Second Motion to Continue Hearing Re: 47 Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. c/s (yms) (Entered: 07/18/2003) |
| 07/18/2003 | 58 | Endorsed Order Regarding 57 Motion To Reschedule Proceedings On 47 Application for Compensation. DENIED (ds) (Entered: 07/18/2003) |
| 07/18/2003 | 59 | Pre-Trial Memorandum Filed by Interested Party United States Trustee Re: 47 First Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. c/s (ab) (Entered: 07/21/2003) |
| 07/22/2003 | 60 | Transcript Of Combined Hearings On: Motion To Impound So Much Of The Files That Related To Counsel Physical/Dental Health Issues; Motion To present Newly Discovered Evidence Related To Counsel's Physical/Dental Health Issues; Applications Of Counsel To Debtors For Compensation And Expenses Re: #29, Bennett; #47, LaFrance; #50 Davis; #51 Oyola; #57, Rolon. (Entered: 08/07/2003) |
| | | |

| 07/22/2003 | 86 | Motion to Impound So Much of the Files that Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. c/s (Filed in Open Court) (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 87 | Motion to Present Newly Discovered Evidence Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. c/s (Filed in Open Court) (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | | Hearing Held Re: 47 First Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | | Hearing Held Re: 86 Motion to Impound So Much of the Files that Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | | Hearing Held Re: 87 Motion to Present Newly Discovered Evidence Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 88 | Order Dated 7/22/03 Regarding 47 First Application for Compensation Filed by Debtor's counsel Aty. Francis Lafayette. TAKEN UNDER ADVISEMENT. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 89 | Order Dated 7/22/03 Regarding 86 Motion to Impound So Much of the Files that Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. DENIED. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 90 | Order Dated 7/22/03 Regarding 87 Motion to Present Newly Discovered Evidence Related to Counsel Physical/Dental Health Issues Filed by Francis Lafayette. DENIED. (sas, usbc) (Entered: 06/07/2004) |
| 07/22/2003 | 91 | Order Dated 7/22/03 Regarding 55 Case Management Order of June 24, 2003. TAKEN UNDER ADVISEMENT. (sas, usbc) (Entered: 06/09/2004) |
| 10/03/2003 | 61 | Motion For Order Dismissing Case Filed by Trustee Denise M. Pappalardo. c/s (ab) (Entered: 10/08/2003) |
| 10/29/2003 | 62 | Order Granting 61 Motion For Order Dismissing Case Filed by Trustee Denise M. Pappalardo. (ab, usbc) (Entered: 10/31/2003) |
| 11/02/2003 | 63 | BNC Certificate of Mailing - PDF Document. Service Date 11/02/2003. (Related Doc # 62) (Admin.) (Entered: 11/03/2003) |
| 11/13/2003 | 64 | Notice of Dismissal. (ab, usbc) (Entered: 11/13/2003) |

| 11/15/2003 | 65 | BNC Certificate of Mailing. Service Date 11/15/2003. (Related Doc # 64) (Admin.) (Entered: 11/16/2003) |
|---|---|---|
| 11/17/2003 | 66 | Motion to Vacate Re: 62 Order on Motion to Dismiss Case Expedited Hearing Requested Filed by Debtor Joseph L. LaFrance. (ds, usbc) (Entered: 11/17/2003) |
| 11/17/2003 | 67 | Motion to Convert Case to Chapter 7 Filed by Debtor Joseph L. LaFrance. c/s Receipt Number 516020, Fee Amount $15.00 (ab, usbc) (Entered: 11/20/2003) |
| 11/17/2003 | 68 | List of Post Petition Creditors Filed by Debtor Joseph L. LaFrance. (ab, usbc) (Entered: 11/21/2003) |
| 11/17/2003 | 69 | Statement of Intent Filed by Debtor Joseph L. LaFrance. (ab, usbc) (Entered: 11/21/2003) |
| 11/24/2003 | 70 | Endorsed Order Dated 11/24/03 Granting 67 Motion to Convert Case to Chapter 7 Filed by Debtor Joseph L. LaFrance. ALLOWED. (ab, usbc) (Entered: 11/26/2003) |
| 11/28/2003 | 71 | BNC Certificate of Mailing - PDF Document. Service Date 11/28/2003. (Related Doc # 70) (Admin.) (Entered: 11/29/2003) |
| 12/02/2003 | 72 | Certificate of Appointment and Acceptance of Trustee and Fixing of Bond (hk, USBC) (Entered: 12/02/2003) |
| 12/02/2003 | | First Meeting of Creditors scheduled on 341(a) meeting to be held on 1/13/2004 at 09:00 AM at Worcester U. S. Trustees Office,446 Main Street,1st Floor. Proofs of Claims due by 4/12/2004. (hk, USBC) (Entered: 12/02/2003) |
| 12/09/2003 | 73 | Court's Notice of 341 sent (pf, USBC) (Entered: 12/09/2003) |
| 12/11/2003 | 74 | BNC Certificate of Mailing - Meeting of Creditors. Service Date 12/11/2003. (Related Doc # 73) (Admin.) (Entered: 12/12/2003) |
| 01/13/2004 | | Meeting of Creditors Held and Examination of Debtor as scheduled.. (mjl, USBC) (Entered: 01/14/2004) |
| 01/22/2004 | 75 | Amended Certificate of Service Re: 66 Motion to Vacate Re: 62 Order on Motion to Dismiss Case Expedited Hearing Requested Filed by Debtor Joseph L. LaFrance. (ab, usbc) (Entered: 01/22/2004) |
| 01/22/2004 | 76 | Endorsed Order Granting 66 Motion to Vacate Re: 62 Order on Motion to Dismiss Case Expedited Hearing Requested Filed by |

| | | Debtor Joseph L. LaFrance. MOTION GRANTED. ORDER OF 10/29/03 DISMISSING CASE IS VACATED. THE CASE SHALL PROCEED UNDER CHAPTER 7. (ab, usbc) (Entered: 01/22/2004) |
|---|---|---|
| 01/24/2004 | 77 | BNC Certificate of Mailing - PDF Document. Service Date 01/24/2004. (Related Doc # 76) (Admin.) (Entered: 01/25/2004) |
| 02/05/2004 | | 341 Meeting Not Held (mjl, USBC) (Entered: 02/09/2004) |
| 02/10/2004 | 78 | Motion to Dismiss Case *with Certificate of Service and Service List* Filed by Trustee Joseph Baldiga (Baldiga, Joseph) (Entered: 02/10/2004) |
| 03/11/2004 | 79 | Notice of Change of Address. Filed by Debtor Joseph L. LaFrance (Lafayette, Francis) (Entered: 03/11/2004) |
| 03/11/2004 | 80 | Declaration Re: Electronic Filing (Re: 79 Notice of Change of Address). Filed by Debtor Joseph L. LaFrance (Lafayette, Francis) (Entered: 03/11/2004) |
| 04/28/2004 | 81 | Hearing scheduled for 5/18/04 at 10:30 AM Worcester Courtroom 4 - HJB Re: 78 Motion to Dismiss Case filed by Trustee Joseph Baldiga. (ab, usbc) (Entered: 04/28/2004) |
| 04/28/2004 | 82 | Court Certificate of Mailing Re: 81 Hearing Scheduled. (ab, usbc) (Entered: 04/28/2004) |
| 04/30/2004 | 83 | Certificate of Service *including Service List* (Re: 81 Hearing Scheduled). Filed by Trustee Joseph Baldiga (Ellis, Amanda) (Entered: 04/30/2004) |
| 05/18/2004 | 84 | Order Dated 5/18/04 78 Motion to Dismiss Case Filed by Trustee Joseph Baldiga. CONTINUED TO MAY 25, 2004 AT 10:30AM IN WORCESTER. ATTORNEY LAFAYETTE IS ORDERED TO PERSONALLY APPEAR. (ab, usbc) (Entered: 05/19/2004) |
| 05/19/2004 | 85 | Court Certificate of Mailing Re: 84 Order Dated 5/18/04 on Motion to Dismiss Case. (ab, usbc) (Entered: 05/19/2004) |
| 05/19/2004 | | Hearing Held and Continued to 5/25/04 at 10:30 AM Worcester Courtroom 4 - HJB Re: 78 Motion to Dismiss Case filed by Trustee Joseph Baldiga. (ab, usbc) (Entered: 05/19/2004) |
| 05/25/2004 | | Hearing Held Re: 78 Motion to Dismiss Case filed by Trustee Joseph Baldiga. (sas, usbc) (Entered: 07/09/2004) |
| | | |

| 05/25/2004 | 114 | Order Dated 5/25/04 Regarding 78 Motion to Dismiss Case filed by Trustee Joseph Baldiga. WITHDRAWN. THE DEBTOR AND DEBTOR'S COUNSEL ARE JOINTLY AND SEVERALLY SANCTIONED IN THE AMOUNT OF $300, TO BE PAID TO THE CHAPTER 7 TRUSTEE WITHIN THIRTY DAYS. (sas, usbc) (Entered: 07/09/2004) |
|---|---|---|
| 06/10/2004 | 92 | Memorandum of Decision Dated June 10, 2004 Regarding 47 First Application for Compensation filed by Attorney Francis Lafayette and 55 Case Management Order dated June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 93 | Order Dated June 10, 2004 Regarding 47 First Application for Compensation Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 94 | Order Dated June 10, 2004 Regarding 55 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 95 | Court Certificate of Mailing of 92 Memorandum of Decision Dated June 10, 2004 Regarding 47 First Application for Compensation filed by Attorney Francis Lafayette and 55 Case Management Order dated June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 96 | Court Certificate of Mailing of 93 Order Dated June 10, 2004 Regarding 47 First Application for Compensation Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | 97 | Court Certificate of Mailing of 94 Order Dated June 10, 2004 Regarding 55 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/10/2004 | | Hearing Scheduled for 6/15/2005 at 02:00 PM Springfield Courtroom - HJB Re: 55 Case Management Order of June 24, 2003. (sas, usbc) (Entered: 06/10/2004) |
| 06/24/2004 | 98 | Notice of Appeal Filed by Francis Lafayette Counsel to Debtor Joseph L. LaFrance (Re: 92 Memorandum of Decision Dated June 10, 2004 Re: 47 First Application for Compensation filed by Attorney Francis Lafayette and 55 Case Management Order dated June 24, 2003, 93 Order Dated June 10, 2004 Re: 47 First Application for Compensation Filed by Attorney Francis Lafayette and 94 Order Dated June 10, 2004 Re: 55 Case Management Order of June 24, 2003). Appellant Designation due by 7/5/2004. Complied Records Due by 7/19/2004. Transmission of Designation Due by 7/26/2004. (Receipt Number 521608, Fee Amount $255) (ab, usbc) (Entered: 06/24/2004) |

| 06/24/2004 | 99 | Election of Appeal to Proceed to District Court Filed by Francis Lafayette Counsel for Debtor (Re: 98 Notice of Appeal). c/s (ab, usbc) (Entered: 06/24/2004) |
| 06/25/2004 | 100 | Notice of Appeal to District Court Re: 98 Notice of Appeal filed by Francis Lafayette Counsel to Debtor Joseph L. LaFrance. (ab, usbc) (Entered: 06/25/2004) |
| 06/25/2004 | 101 | Court Certificate of Mailing Re: 100 Notice of Appeal to District Court. (ab, usbc) (Entered: 06/25/2004) |
| 06/25/2004 | 102 | Status Report *with c/s* (RE: 93 Order on Application for Compensation). (Psilos, Joanne) (Entered: 06/25/2004) |
| 06/29/2004 | | 341 Held and Trustee's Report of No Distribution: Trustee has received no property nor paid any money on account of the estate except exempt property, and diligent inquiry having been made, trustee states that there is no nonexempt property available for distribution to creditors. Pursuant to FRBP 5009, trustee certifies that the estate is fully administered and requests that the report be approved and the trustee discharged from any further duties. Trustee has served a copy of this report on debtor(s)' counsel or debtor, if pro se.. (Baldiga, Joseph) (Entered: 06/29/2004) |
| 06/29/2004 | 103 | Order Dated 6/29/04 RE: 98 Notice of Appeal Filed by Francis Lafayette, Counsel to Debtor. (yms, usbc) (Entered: 06/29/2004) |
| 06/30/2004 | 104 | Order to Show Cause Dated 6/30/04 Regarding 93 Order Dated June 10, 2004 Regarding 47 First Application for Compensation Filed by Attorney Francis Lafayette. Show Cause hearing to be held on 7/14/2004 at 02:00 PM at Springfield Courtroom - HJB. (sas, usbc) (Entered: 06/30/2004) |
| 06/30/2004 | 105 | Court Certificate of Mailing of 103 Order Dated 6/29/04 Re: 98 Notice of Appeal and 104 Order to Show Cause Dated 6/30/04 Regarding 93 Order Dated June 10, 2004 Re: 47 First Application for Compensation Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 06/30/2004) |
| 06/30/2004 | 106 | Status Report *with c/s* (Re: 93 Order on Application for Compensation). Filed by Debtor Joseph L. LaFrance (Lafayette, Francis) (Entered: 06/30/2004) |
| 06/30/2004 | 107 | Motion to Reconsider (Re: 103 Order) Filed by Debtor Joseph L. LaFrance (Lafayette, Francis) (Entered: 06/30/2004) |
| 06/30/2004 | 108 | Brief/Memorandum In Support Of (Re: 107 Motion to Reconsider). |

| | | Filed by Debtor Joseph L. LaFrance (Lafayette, Francis) (Entered: 06/30/2004) |
|---|---|---|
| 07/07/2004 | 109 | Order Dated 7/7/04 Re: 104 Order to Show Cause. Hearing scheduled for July 14, 2004 is canceled. (ab, usbc) (Entered: 07/07/2004) |
| 07/07/2004 | 110 | Court Certificate of Mailing Re: 109 Order Dated 7/7/04. (ab, usbc) (Entered: 07/07/2004) |
| 07/08/2004 | 111 | Memorandum of Decision Dated 7/8/2004 Regarding: 107 Motion to Reconsider 103 Order Filed by Attorney Francis Lafayette. A SEPARATE ORDER SHALL ISSUE. (sas, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | 112 | Order Dated 7/8/04 Denying 107 Motion to Reconsider 103 Order Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 07/08/2004) |
| 07/08/2004 | 113 | Court Certificate of Mailing of 111 Memorandum of Decision and 112 Order Regarding 107 Motion to Reconsider 103 Order Filed by Attorney Francis Lafayette. (sas, usbc) (Entered: 07/08/2004) |
| 07/11/2004 | 115 | BNC Certificate of Mailing - PDF Document. Service Date 07/11/2004. (Related Doc # 114) (Admin.) (Entered: 07/12/2004) |
| 07/17/2004 | 116 | Notice of Appeal. Fee Amount $250 Filed by Debtor Joseph L. LaFrance (RE: 111 Memorandum of Decision, 112 Order on Motion To Reconsider). Appellant Designation due by 7/27/2004. Complied Records Due by 8/11/2004. Transmission of Designation Due by 8/16/2004. (Lafayette, Francis) (Entered: 07/17/2004) |
| 07/17/2004 | 117 | Election of Appeal to District Court Filed by Debtor Joseph L. LaFrance (RE: 116 Notice of Appeal, ). (Lafayette, Francis) (Entered: 07/17/2004) |
| 07/18/2004 | 118 | Receipt of filing fee for Notice of Appeal(02-42450) [appeal,ntcapl] ( 250.00). Receipt Number 0101B786680, amount $ 250.00. (U.S. Treasury) (Entered: 07/18/2004) |
| 07/19/2004 | 119 | Notice of Appeal to District Court Re: 116 Notice of Appeal Filed by Debtor Joseph L. LaFrance (Re: 111 Memorandum of Decision, 112 Order on Motion To Reconsider). (ab, usbc) (Entered: 07/19/2004) |
| 07/19/2004 | 120 | Court Certificate of Mailing Re: 119 Notice of Appeal to District Court. (ab, usbc) (Entered: 07/19/2004) |
| 07/27/2004 | 121 | Appellant Designation of Contents For Inclusion in Record On |